Dear Mr. Oswald:
In response to your inquiry of recent date concerning Louisiana's Dual Officeholding and Dual Employment Law, note that a teacher on sabbatical leave remains in the employ of a political subdivision of the state. See Shaw vs. Caddo Parish SchoolBoard, 437 So.2d 39 (La.App. 2nd Cir. 1976). Your additional full time employment with the state office of Louisiana Rehabilitation Services would invoke application of the prohibition contained in LSA-R.S. 42:63(E), providing:
 E. No person holding a full-time appointive office full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
In accord with our conclusion is attached Attorney General Opinion 80-1442. Further, while the legislature has provided in some detail with respect to the eligibility of public school teachers for sabbaticals, the ultimate determination of initial or continued entitlement to the privilege of the status is left to the individual school board. See Shaw,supra, at page 42. Full time employment with a state agency may be a violation of the terms of sabbatical leave fixed by the local board.
However, we understand this issue will soon be made moot, by virtue of the fact that you will retire from the Jefferson Parish Public School System on June 29, 1995. You may of course retain your job with the rehabilitation center as you will no longer be in violation of the aforementioned statute.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. William S. Oswald 225 Lake Vista Drive Mandeville, LA 70471
DATE RECEIVED:
DATE RELEASED: July 21, 1995
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL